UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAROL YOUNG,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLYN W COLVIN,<br><br>                Defendant. | CASE NO. 3:14-cv-05287<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the court on United States Magistrate Judge John L. Weinberg's Report and Recommendation. Dkt. 22. The Court has considered the Report and Recommendation, objections and responses thereto, and the file herein.

Plaintiff filed this case for review of the Commissioner's decision that plaintiff is not disabled within the Social Security Act's meaning. Plaintiff alleges that the ALJ erroneously rejected plaintiff's medical exhibits; that, because the medical exhibits credited should be credited as true, plaintiff is disabled within the Social Security Act's meaning; and that the Court should remand for an award of benefits. Dkt. 13.

In response, the Commissioner concedes that the ALJ erroneously rejected plaintiff's medical exhibits. Dkt. 19. However, the Commissioner argues that the Court should remand this case for further proceedings, not for an award of benefits, as the ALJ needs to evaluate not only the medical exhibits in question, but also whether plaintiff is, in fact, disabled. *Id*.

Magistrate Judge Weinberg recommends that the Court reverse and remand for evaluation of, *inter alia*, the erroneously rejected medical records; plaintiff's mental impairments; and whether plaintiff's impairments, if any, meet a Listing. *Id*.

The Court has reviewed the record *de novo* and agrees with Magistrate Judge Weinberg's analysis and conclusion. Under *Garrison*, a remand for an award of benefits is appropriate when each part of the three-part standard is satisfied: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). This rule may not be dispositive of a remand for an award of benefits in all cases, however. *Id*. A court is required to remand for further proceedings, not an award of benefits, when an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled, even though all conditions of this rule are satisfied. *Id*. at 1021.

Here, plaintiff has met only the second element of the three-part standard: the Commissioner has conceded that the ALJ erroneously rejected plaintiff's medical exhibits. As to the first element, Magistrate Judge Weinberg concluded that, when the ALJ excluded plaintiff's medical exhibits, the ALJ never reached their merits; as a result, the record has not been fully developed and further administrative proceedings are necessary to allow the ALJ to consider the merits of plaintiff's medical exhibits. As to the third element, it is not clear that, if plaintiff's

ORDER ADOPTING REPORT AND
RECOMMENDATION- 2

medical exhibits were credited as true, the ALJ would be required to find plaintiff disabled on remand. The Court agrees with Magistrate Judge Weinberg's conclusion that the ALJ would need to consider whether plaintiff's claimed impairments, in fact, meet the requirement of a Listing after considering the record as a whole, including the improperly excluded medical exhibits. Accordingly, plaintiff has met only one element of the *Garrison* three-part standard, and the Court should remand for further proceedings, not for an award of benefits.

In her objections to Magistrate Judge Weinberg's Report and Recommendation, plaintiff argues that the Court would thwart the *Garrison* standard's purposes by remanding this case for further proceedings, and not for an award of benefits. Specifically, plaintiff argues that the Court would incentify ALJs to ignore evidence that compels an outcome contrary to their conclusion, a result that would effectively "vitiate" the *Garrison* three-part standard. Dkt. 23. In support, plaintiff cites *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396 (9th Cir. 1988) and *Garrison*.

*Varney II* and *Garrison* and are distinguishable from the present case, however. Although the *Varney II* court declined to remand Varney's case for further proceedings, the court noted that the record had been "thoroughly developed" and that "there [was]" no need to remand for further proceedings." *Id*. at 1401. Indeed, Varney, whose testimony the ALJ found doubtful, had already testified. *Id*. at 1397. Similarly, in *Garrison*, where the court remanded for an award of benefits, the court concluded that "there [was] no need to develop the record or convene further administrative proceedings." *Garrison*, 759 F.3d at 1021. The *Garrison* court declined to allow the ALJ to "*revisit* the medical opinions and testimony that [the ALJ] rejected for legally insufficient reasons." *Id*. (emphasis added). To support her disability claim, Garrison testified and presented extensive medical records and vocational expert testimony. *Id*. at 999. As a result,

the *Garrison* court concluded that the ALJ need not have a "mulligan" and remanded for an award of benefits. *Id*. at 1021.

Here, unlike in *Varney II* and *Garrison*, the record has not been fully developed because the ALJ never reached the merits of plaintiff's medical exhibits. The ALJ neither "visited" the medical exhibits nor heard testimony pertaining thereto. Based on a Cooperative Disability Investigations Unit ("CDIU") report, the ALJ found that plaintiff knowingly made incorrect statements and knowingly provided false material information. Tr. 23. As a result, the ALJ excluded all plaintiff's subjective complaints and all findings based thereupon. *Id*. The Commissioner conceded that the ALJ erroneously excluded all medical exhibits because these medical exhibits contained medical opinions not based on plaintiff's subjective complaints but derived, at least in part, from objective evidence contained in mental status exams, mini-mental state exams, and the observations of trained mental health professionals. In short, unlike in *Varney II* and *Garrison*, the ALJ never reached the merits of the medical exhibits in question, and plaintiff, in fact, concedes to that effect. Dkt. 23, at 3. Therefore, *Varney II* and *Garrison* are not only distinguishable from the present case, but also consistent with a remand for further administrative proceedings.

Finally, even if plaintiff has met the three-part standard, the Court should remand for further proceedings, not an award of benefits, because a serious doubt exists as to whether plaintiff is, in fact, disabled. As stated, based on the CDIU report, the ALJ found that plaintiff had knowingly given false statements about her symptoms and functional capacity. Although plaintiff raises several issues as to the report's validity, a remand for further proceedings is proper to determine whether plaintiff is, in fact, disabled.

The Court, having reviewed Magistrate Judge Weinberg's Report and Recommendation, and the remaining record, does hereby find and **ORDER**:

(1) The Court **ADOPTS** the Report and Recommendation (Dkt. 22) and **REVERSES** the Commissioner's decision;

(2) The Court **REMANDS** for further proceedings consistent with the Report and Recommendation;

(3) The ALJ should make a new analysis and determination, which shall include but not necessarily be limited to:

    a. Evaluation of the merits of the erroneously rejected medical records;

    b. Evaluation of plaintiff's mental impairments, with the assistance of a medical expert if needed;

    c. Determination of whether plaintiff's impairments meet a Listing; and

    d. Development of a new Residual Functional Capacity ("RFC") and testimony by a vocational expert, if necessary;

(4) The Clerk shall direct copies of this Order to all counsel and to Magistrate Judge Weinberg.

Dated this 2nd day of February, 2015.

ROBERT J. BRYAN
United States District Judge